[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 09, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16688
Non-Argument Calendar

_____

D. C. Docket No. 06-00190-CR-T-27EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ENAR BOLANOS-RENTERIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 9, 2007)**

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Enar Bolanos-Renteria appeals his 121-month sentence for conspiracy to

possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506 (a), (b), and possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506 (a).  We affirm.

## I. BACKGROUND

Bolanos-Renteria's crimes result from an incident that occurred approximately 115 nautical miles southwest of the Galapagos Islands, in the Pacific Ocean.  After a United States maritime patrol aircraft spotted a "go-fast" vessel and relayed this information to a United States Coast Guard cutter that proceeded to approach the vessel, the five crew members, Bolanos-Renteria and four other individuals, responded by setting the vessel on fire and jumping into the ocean.  The Coast Guard rescued them and ultimately recovered approximately 4,000 pounds (1,814 kilograms) of cocaine.  Although the crew members stated that they were Colombian, none of them admitted to being the captain.  Accordingly, the Coast Guard determined that the vessel lacked nationality and authorized the enforcement of American law.  While all were involved in navigating the vessel, ultimately, one of the crew members was identified as the captain.  Bolanos-Renteria, who expected to be paid more than three of the other

2

crew members, was the vessel's mechanic.

Bolanos-Renteria was indicted in 2006 with the other four crew members and charged with conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506 (a), (b) ("Count One"), and possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506 (a) ("Count Two"). He pled guilty to the charges without a written plea agreement.

The presentence investigation report ("PSI") set Bolanos-Renteria's base offense level at 38, pursuant to U.S.S.G. § 2D1.1(c)(1) (2005), because his offense involved at least 150 kilograms of cocaine. Two levels were deducted pursuant to a safety valve under U.S.S.G. § 2D1.1(b)(7); three levels were deducted under U.S.S.G. §§ 3E1.1(a), (b), because Bolanos-Renteria accepted responsibility.[1] Bolanos-Renteria had no criminal history points. With an adjusted offense level of 33, and a criminal history category of I, Bolanos-Renteria's resulting Sentencing Guidelines range was 135 to 168 months of imprisonment. The ten-year statutory

---

[1] The PSI erroneously states that U.S.S.G. § 2D1.1(c)(3) applies for crimes involving at least 150 kilograms of cocaine, whereas U.S.S.G. § 2D1.1(c)(1) actually applies for such crimes. The PSI also states that a two-level decrease applies under U.S.S.G. § 2D1.1(b)(9), whereas the decrease actually applies under U.S.S.G. § 2D1.1(b)(7).

minimum was inapplicable pursuant to 18 U.S.C. § 3553(f), but the maximum term of imprisonment was life.

Bolanos-Renteria raised a single objection to the PSI before sentencing and argued that he was entitled to a two-level mitigating role reduction pursuant to U.S.S.G. §§ 2D1.1(a)(3), 3B1.2. The probation officer responded that Bolanos-Renteria was not substantially less culpable than the average participant on the vessel and that his role was not distinguishable from the roles of the other crew members.

No new objections were raised at sentencing, and Bolanos-Renteria's counsel argued that the sentencing judge had great discretion in deciding whether to grant the role reduction. Defense counsel classified Bolanos-Renteria's role as a "spark plug changer," not a mechanic, and asserted that he was less culpable than the others aboard the vessel. R2 at 4. The government responded that Bolanos-Renteria was the vessel's mechanic, he expected to receive 50 million pesos for his work compared with 120 million for the captain and 30-35 million for the other crew members, and he had made a prior smuggling trip. The district judge overruled the role objection and found that Bolanos-Renteria was the vessel's mechanic; he received more money than the other crew members; he arguably was more culpable than the average participant, and no facts supported a finding of

4

lesser culpability; he was held accountable only for the amount of cocaine recovered; and "so long as they're being held accountable only for the quantity in which they are involved, they are not entitled to minor role adjustments." Id. at 14-17.

The district judge adopted the PSI and found the Sentencing Guidelines range to be 135 to 168 months of imprisonment; Bolanos-Renteria apologized for his actions. Bolanos-Renteria's counsel then requested that the district judge consider Bolanos-Renteria's impoverished background; that he was not a real mechanic; that punishing individuals convicted of drug offenses did not create a deterrent effect; that the captain, who benefitted from a substantial assistance departure, received a 121-month sentence and another co-defendant, who had made a previous drug smuggling trip, received a 120-month sentence; and that Bolanos-Renteria should receive a sentence consistent with those sentences. The government did not respond.

The district judge stated that he had considered the advisory Sentencing Guidelines and all of the 18 U.S.C. § 3553(a) factors; he noted that the need to avoid sentencing disparities was important. Accordingly, the district judge granted a downward variance and sentenced Bolanos-Renteria to 121 months of imprisonment on Counts One and Two, to be served concurrently, and five years of

supervised release on both counts, to be served concurrently. Bolanos-Renteria also was ordered to pay a $200 special assessment and was informed that, if he was deported, then he would be prohibited from reentering the United States without express permission. The district judge recommended that Bolanos-Renteria receive educational and vocational training and stated that the sentence was sufficient but not greater than necessary, was consistent with the sentences received by the other codefendants, and should serve to deter others. The government objected to the sentence as being below the Sentencing Guidelines recommended range. Bolanos-Renteria's counsel had no new objections. On appeal, Bolanos-Renteria contends that the district judge clearly erred by refusing to grant him a minor role adjustment and that his 121-month sentence was unreasonable.[2]

## II. DISCUSSION

A. Minor-Role Reduction

Although he concedes that he was not substantially less culpable than the other crew members, Bolanos-Renteria contends that he was substantially less

---

[2] Bolanos-Renteria states that he also "adopts the arguments, together with supporting citations of authority, filed on behalf of co-appellants providing they are to the benefit of appellant." Appellant's Br. at v. Bolanos-Renteria's attempt to adopt the appellate arguments of his co-defendants fails because they are not parties to his appeal. Fed. R. App. P. 28(i).

culpable than the captain and that a minor-role reduction may be granted to multiple participants. He also asserts that the district judge misunderstood his authority when he found that Bolanos-Renteria was not entitled to a minor-role adjustment, because he was held accountable only for the quantity of drugs with which he was involved, and the judge should have based his decision on the particular facts of the case.

We review a district court's determination of a defendant's role in the criminal conduct for clear error. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). "The proponent of the downward adjustment . . . always bears the burden of proving a mitigating role in the offense by a preponderance of the evidence." Id. at 939. According to U.S.S.G. § 3B1.2(b), a sentencing judge may decrease a defendant's offense level by two levels if he or she finds the defendant was a minor participant in the criminal activity. A minor participant is a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.5). If the defendant receives an adjustment under § 3B1.2, and his base offense level is 38, then he is entitled to an additional four-level decrease under U.S.S.G. §2D1.1(a)(3).

In deciding whether a minor-role adjustment applies, the sentencing judge

must determine "the defendant's role against the relevant conduct for which [he] was held accountable at sentencing" and may consider "the defendant's role against the other participants . . . in that relevant conduct." De Varon, 175 F.3d at 945. Regarding the first prong of the De Varon analysis, we have explained that

> [o]nly if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable—not a minor role in any larger criminal conspiracy—should the district court grant a downward adjustment for minor role in the offense." Id. at 944. Further, "the amount of drugs imported is a material consideration in assessing a [drug courier's] role in [his] relevant conduct. . . . Indeed, because the amount of drugs in a courier's possession . . . may be the best indication of the magnitude of the courier's participation in the criminal enterprise . . . [, and] that amount of drugs may be dispositive . . . in the extreme case."

Id. at 943 (citations omitted).

With regard to the second prong of the De Varon analysis, we have determined that a sentencing judge should examine other participants only to the extent that they (1) "are identifiable or discernable from the evidence," and (2) "were involved in the relevant conduct attributed to the defendant." Id. at 944. We have recognized, however, that the first prong set forth in De Varon may, in many cases, be dispositive. Id. at 945. Bolanos-Renteria was held responsible for only the cocaine that he transported, and he did not establish that he played a relatively minor role in that conduct. Additionally, he transported 1,814 kilograms, or

8

approximately two tons, of cocaine, which may be the best indication of his level of participation. In terms of the second prong of the De Varon analysis, Bolanos-Renteria played the second most vital role on the vessel by serving as the mechanic and expecting to be paid more than three of the other crew members. Accordingly, Bolanos-Renteria did not establish that he was entitled to a minor-role reduction, and the district judge did not clearly err in denying it.

B. Reasonableness of Sentence

Bolanos-Renteria contends that his 121-month sentence is unreasonable. He asserts that nothing in the record explains why he and the captain received sentences of 121 months of imprisonment while the other crew members, including the two sentenced after him, received imprisonment terms of 120 months. When reviewing a sentence imposed by a district judge, we first must ensure that the judge correctly calculated the Sentencing Guidelines range. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005) (per curiam). We then review the sentence for reasonableness in light of the 18 U.S.C. 3553(a) factors and must determine whether the sentence fails to achieve the purposes of sentencing set forth in that statute. United States v. Martin, 455 F.3d 1227, 1237 (11th Cir. 2006).

We review only the final sentence for reasonableness, rather than each individual decision made during the sentencing process. Winingear, 422 F.3d at

9

1245. Reasonableness review is "deferential," and "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam). A sentence may be reviewed for procedural or substantive unreasonableness. United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). A sentence is procedurally unreasonable if it results from a procedure that failed to follow the requirements of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). Id. A sentence may be substantively unreasonable even if it is procedurally reasonable. Id.

A sentencing court is charged with imposing a sentence that is "sufficient, but not greater than necessary" to reflect the seriousness of the offense, afford deterrence, protect the public from further crimes of the defendant, and provide the defendant with educational or vocational training, medical care or other treatment. 18 U.S.C. § 3553(a). Furthermore, under § 3553(a), a sentencing judge shall consider "(1) the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) the need for the sentence imposed to reflect the seriousness of the offense, to deter criminal conduct, protect the public from further crimes of the defendant, and to provide the defendant with correctional treatment in the most effective manner; "(3) the kinds of sentences available;"

10

(4) the Sentencing Guidelines; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a). The sentencing judge need not "recite a laundry list of the § 3553(a) factors"; some indication in the record that the judge adequately and properly has considered the applicable advisory Sentencing Guidelines range and the § 3533(a) sentencing factors is sufficient. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

"[T]here is a range of reasonable sentences from which the district court may choose" and "[a] district court may impose a sentence that is either more severe or lenient than the sentence we would have imposed." Talley, 431 F.3d at 788. There are also "sentences outside the range of reasonableness that do not achieve the purposes of sentencing stated in § 3553(a) and that . . . the district court may not impose." Martin, 455 F.3d at 1237. "[A] district court's determination that the Guidelines range fashions a reasonable sentence, necessarily must be a case-by-case determination. In some cases it may be appropriate to defer to the Guidelines; in others, not." Hunt, 459 F.3d at 1184.

The district judge complied with the requisite procedural requirements, viewed the applicable Guidelines range as advisory, and considered the § 3553(a) factors. The judge was not required to recite the list of the § 3553(a) factors; he

11

stated that he was imposing a sentence, which was below the Sentencing Guidelines recommended sentencing range, to ensure that Bolanos-Renteria and his codefendants did not receive disparate sentences. The judge also rejected Bolanos-Renteria's argument that three of the four other crew members were equally culpable, which explains why he was sentenced to an additional month of imprisonment. Therefore, Bolanos-Renteria's sentence was within the range of reasonable sentences that the district judge could have imposed, and Bolanos-Renteria has not met his burden of establishing that his sentence was procedurally or substantively unreasonable. Talley, 431 F.3d at 788. Consequently, we conclude that Bolanos-Renteria's sentence was reasonable.

### III. CONCLUSION

Bolanos-Renteria has appealed his 121-month sentence for possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States on the grounds that he should have received a minor-role adjustment and that his sentence was unreasonable. For the reasons that we have explained, his sentence is **AFFIRMED**.

12